IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY LADON REESE, <br> AIS # 203961, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS <br> and OFFICER COLLINS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:25-CV-135-WKW <br> )            [WO] <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

Plaintiff Larry LaDon Reese, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. # 1.) On May 15, 2025, the court issued an Order granting Plaintiff leave to proceed *in forma pauperis* and directing him to pay an initial partial filing fee of $40.76 on or before May 29, 2025 ("May 15 Order"). (Doc. # 5.) Plaintiff requested an extension of this deadline in a handwritten letter to the Court dated May 22, 2025. (Doc. # 6.) Thereafter, the court issued an Order extending the deadline to June 19, 2025 ("June 5 Order"). (Doc. # 7.) In the May 15 and June 5 Orders, the court specifically cautioned Plaintiff that his failure to pay the initial partial filing fee as directed would result in dismissal of this action. (Doc. # 5 at 3; Doc. # 7 at 3.) Nevertheless, three months have passed since the imposed

deadline, and Plaintiff has not paid the fee as directed.[1]

Because Plaintiff has failed to comply with the court's June 5 Order, this action is due to be dismissed without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321 (citing *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000)).

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **October 15, 2025**, why this action should not be dismissed without prejudice for his nonpayment of the $40.76 initial partial filing fee as directed. The parties are advised that this show-cause order is not a final order and, therefore, is not appealable.

---

[1] In a different action, Plaintiff submitted a letter to the court dated May 4, 2025, writing that he "request[ed] the payment of $41.00 to be taken off [his] prison account." *See Reese v. Collins*, No. 2:25-CV-150-WKW-KFP (M.D. Ala. 2025), ECF No. 12.

DONE this 24th day of September, 2025.

                                              /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE